IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF MARYLAND
*Greenbelt Division*

| | |
|---|---|
| IN RE:<br>JATA NATAKI MAGNOLIA ANDERSON<br>AKA JATA ROBERTSON<br>    Debtor | Case No. 20-13456 |

Freedom Mortgage Corporation
    Movant,

vs.                                                                 Chapter 13

JATA NATAKI MAGNOLIA ANDERSON
AKA JATA ROBERTSON
Debtor

IMPORTANT NOTICE

Freedom Mortgage Corporation ("Freedom") is firmly committed to helping its borrowers who are experiencing a hardship. Depending on the circumstances of your case, Freedom may be amenable to consensual resolution of this matter, with Court approval. Potential options for resolution may include, among other things, temporary forbearance of payments, payment restructuring and/or adjustment of your payment amount.
If you (or, if applicable, any co-debtors) have experienced a hardship, please contact us (or have your counsel contact us, if you are represented) promptly to discuss possible options.

**MOTION FOR RELIEF FROM AUTOMATIC STAY ON REAL PROPERTY LOCATED AT 4330 NEBRASKA CT, POMFRET, MARYLAND 20675**

COMES NOW, Freedom Mortgage Corporation (hereinafter "Movant"), its assigns and/or its successors in interest, by and through counsel, moves for relief from the automatic stay of 11 U.S.C. § 362(a) pursuant to Fed. R. Bankr. P. Rules 4001, 9014, and Maryland Local Bankr. Rule 4001-1, and respectfully represents as follows:

1. Jurisdiction is based on 28 U.S.C. §§ 157 and 1334 of the United States Bankruptcy Code. The relief requested may be granted in accordance with the provisions of 11 U.S.C. §§ 105(a) and 362(d) and pursuant to Fed. Bank. Proc. Rules 9013 and 4001.

1

2. On or about March 13, 2020, JATA NATAKI MAGNOLIA ANDERSON AKA JATA ROBERTSON (hereinafter "Debtor") filed a voluntary petition in this Court under Chapter 13 of the United States Bankruptcy Code.

3. Timothy P Branigan is the duly appointed Chapter 13 Trustee of the Debtor's bankruptcy estate.

4. At the time of initiation of the bankruptcy proceedings, the Debtor owned a parcel of real estate located in Charles County, Maryland, and improved by a residence known as 4330 Nebraska Court, Pomfret, Maryland 20675 (hereinafter the "Property").

5. Movant is a secured creditor of the Debtor and the Movant's interest is evidenced by a Note dated June 30, 2017, and executed by Jata Anderson, in the original principal amount of $441,849.00, with interest at the original note rate of 3.875%. As required by Maryland Local Bankr. Rule 4001-1(b)(4), a copy of the promissory note is attached hereto.

6. Said promissory note is secured by a certain Deed of Trust also dated June 30, 2017 and recorded in the land records of Charles County, Maryland, related to the subject Property. As required by Maryland Local Bankr. Rule 4001-1(b)(4), a copy of the deed of trust is attached hereto.

7. Movant now seeks relief from the automatic stay against the Debtor pursuant to 11 U.S.C. § 362(d) and Maryland Local Bankr. Rule 3070-1(a) for Debtor's failure to maintain post-petition adequate protection payments to Movant as required by the aforementioned promissory note and deed of trust. Maryland Local Bankr. Rule 4001-1(b)(5).

8. A statement of Debtor's accrued post-petition payment arrears, required by Maryland Local Bankr. Rule 4001-1(b)(2), is as follows: (a) July 1, 2021 through September 1, 2021 payments of $3,257.69 each, less suspense of $749.05 for a subtotal of $9,024.02; (b) Movant

has incurred attorney fees of $1,050.00 and filing cost of $188.00 associated with the present motion for a subtotal of $1,238.00. Consequently, as of the filing date of the present motion, the total post-petition arrearage, inclusive of motion legal fees and costs, is $10,262.02.

9. A statement of Debtor's accrued pre-petition payment arrearage, required by Maryland Local Bankr. Rule 4001-1(b)(2), is as follows. The total pre-petition arrearage is $37,221.12. A more detailed statement of pre-petition debt is contained in <u>Claim No. 3</u> dated May 4, 2020.

10. A detailed statement of debt, required by Maryland Local Bankr. Rule 4001-1(b)(1), is itemized as follows:

| | |
|---|---:|
| Unpaid Principal Balance | $414,841.08 |
| Accrued Interest | $16,823.78 |
| Late Fees | $2,326.80 |
| Escrow Advance Balance | $6,054.17 |
| Mortgage Insurance Premium | $562.34 |
| Recording Fee | <u>$50.00</u> |
| Additional Items Due | <u>$3,416.07</u> |
| Total: | $444,074.24 |

This statement of debt is not equivalent to a verified payoff statement. If you wish to receive a verified payoff statement you must request one directly from the lender.

11. The Movant avers that there is no equity in the Property because the total liens against the Property exceeds its fair market value. Debtor's Schedule A lists the market value of the Property as $432,595.40. Moreover, the Maryland State Department of Assessments and Taxation's real property report dated January 1, 2020 values the Property at $445,400.00. Maryland Bankr. Rule 4001-1(b)(6).

12. Movant lacks adequate protection of its interest in the Property and Movant continues to be irreparably injured by the stay of 11 U.S.C. § 362(a).

13. Cause exists for terminating the automatic stay imposed by 11 U.S.C. § 362(a) to enable Movant to avail itself of its rights and remedies under its promissory note, security instrument, and state law, including but not limited to the commencement of foreclosure proceedings against the Property. Maryland Local Bankr. Rule 4001-1(b)(7).

14. In the event the automatic stay under 11 U.S.C. § 362(a) is terminated as to the subject Property, Movant may, at its discretion, discuss, offer and enter into any potential non-bankruptcy loss mitigation agreements, such as a forbearance agreement, a deed-in-lieu agreement or a loan modification agreement, with the Debtor.

WHEREFORE, the Movant, its assigns and/or successors-in-interest prays that this Court:

1. Enter an order terminating the automatic stay imposed by 11 U.S.C. § 362(a) of the United States Bankruptcy Code to enable Movant to avail itself of its rights and remedies under the promissory note, deed of trust, and state law, including but not limited to the initiation of foreclosure proceedings against the property located at 4330 NEBRASKA CT, Pomfret, MD 20675 and to allow successful purchaser to obtain possession of same; and,

2. Grant such other and further relief as may be just and necessary.

Respectfully Submitted,

*/s/ Andrew Spivack*
Andrew Spivack
(Bar No. 2008190001)
Attorney for Creditor
BROCK & SCOTT, PLLC
302 Fellowship Road, Suite 130
Mount Laurel, NJ 08054
Telephone: 844-856-6646 x3017
Facsimile: 704-369-0760
E-Mail: Andrew.Spivack@brockandscott.com

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that on <u>September 23</u>, 2021, the following persons were served a copy of the Motion For Relief in the manner described below:

<u>Via CM/ECF electronic notice</u>:

| | |
|---|---|
| Jillian M. Kindlund, Esq.<br>19142 Rocky Crest Ter<br>Leesburg, VA 20176<br>*Counsel for Debtor* | Timothy P Branigan<br>9891 Broken Land Parkway<br>Suite 301<br>Columbia, MD 21046<br>*Chapter 13 Trustee* |

<u>Via First Class Mail</u>:

Jata Nataki Magnolia Anderson
4330 Nebraska Court
Pomfret, MD 20675
*Debtor*

                                                                     */s/ Andrew Spivack*
                                                                     Andrew Spivack