Entered: October 22nd, 2021
Signed: October 22nd, 2021

**SO ORDERED**



THOMAS J. CATLIOTA
U.S. BANKRUPTCY JUDGE

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF MARYLAND
*Greenbelt Division*

| | |
|---|---|
| IN RE:<br>JATA NATAKI MAGNOLIA ANDERSON,<br>     Debtor | Case No. 20-13456 |
| Freedom Mortgage Corporation,<br>     Movant<br><br>vs.<br><br>JATA NATAKI MAGNOLIA ANDERSON,<br>     Debtor | Chapter 13 |

RE:  MFR No. 75

### CONSENT ORDER MODIFYING AUTOMATIC STAY ON REAL PROPERTY
### LOCATED AT 4330 NEBRASKA COURT, POMFRET, MD 20675

Freedom Mortgage Corporation (hereinafter "Movant"), and JATA NATAKI

MAGNOLIA ANDERSON (hereinafter "Debtor") each by and through counsel, reached an

agreement in this matter, as follows.  No other parties-in-interest has filed a response to the

motion for relief from stay, and consequently does not object to the relief requested.

WHEREAS the parties stipulate that the total post-petition amount due under this Order is as follows:

| Monthly Payments | From July 1, 2021 To September 1, 2021 | @ $3,257.69 each | $9,773.07 |
|---|---|---|---|
| Less Suspense Balance | | | $-749.05 |
| Legal Fees | | | $1,050.00 |
| Court Costs | | | $188.00 |
| | | TOTAL: | $10,262.02 |

The parties further stipulate that Movant is a secured creditor of the Debtor and Movant's claim is based upon a certain promissory note ("Note") dated June 30, 2017, and repayment under the Note is secured by a Deed of Trust recorded among the land records of Charles County, Maryland at Book 9915, Page 420.

Upon review of the Motion for Relief from Automatic Stay (Motion No. 75) filed herein by Movant, it is hereby,

ORDERED that the automatic stay is MODIFIED, pursuant to 11 U.S.C. § 362(d) to permit Movant to initiate action with regard to the property located at 4330 Nebraska Court, Pomfret, MD 20675 (the "Property"), including but not limited to the commencement or continuation of foreclosure proceedings as permitted by state law and pursuant to the terms of the Deed of Trust, to obtain or transfer title to the Property, and to allow the successful purchaser to take action permitted by state law to obtain possession of same; and it is further,

ORDERED that the above order is STAYED, provided the Debtor:

1.    Makes the regular monthly payment of $3,343.87 on or before October 1, 2021, and on the 1st day of each month thereafter, as they become due, pursuant to the terms of the Note or any past or future loan modification agreement secured by the Deed of Trust on the Property; and,

2.      Makes a payment to Movant in the amount of $1,710.34 (said figure represents

1/6th of Debtor's post-petition arrearage of $10,262.02) on or before October 15, 2021, and

continues making payments of $1,710.34, on or before the 15th day of each month and every

month thereafter, through and including a final payment of $1,710.32 due on or before March 15,

2022; and,

ORDERED that all payments required under this Order shall be made payable to:

Freedom Mortgage / Attn: Cash Processing
10500 Kincaid Drive
Fishers, IN 46037

ORDERED that if any payment or portion of any payment required to be made hereunder

is not received by Movant by the date that it is due, including any payment due on or after

October 1, 2021, the Debtor shall be deemed to be in default under this Order.  In such event,

Movant's attorney shall file a Notice of Default with this Court stating the amount due and shall

mail a copy of said notice to the Debtor and to Debtor's attorney.  If the Debtor does not (i) cure

the default by paying the amount stated in the notice, or (ii) file an objection stating such specific

reasons and request a hearing thereon, within ten (10) days of the date of the notice, the

automatic stay of 11 U.S.C. § 362(a) shall terminate without any further proceeding in this Court

and Movant shall be free to initiate action against the Property, including, but not limited to,

commencement of foreclosure action.  In the event the Debtor files an opposition to the Notice

on or before ten (10) days of the Notice of Default, the stay shall remain in effect until the

dispute is adjudicated; and it is further,

ORDERED that any cure of the Notice of Default must include all amounts set forth

therein, as well as any payments which may have subsequently become due under the terms of

this Order and that are due at the time Debtor tenders funds to cure the default; and it is further,

3

ORDERED that the acceptance of partial payment by the Movant during the cure period shall not constitute satisfaction or waiver of the Notice of Default and the automatic stay shall terminate upon the expiration of the ten (10) day cure period in the absence of complete cure of the default, notwithstanding partial payment; and it is further,

ORDERED that in the event Debtor defaults pursuant to the terms contained herein, the Movant shall be entitled to reasonable attorney fees for issuance of each Notice of Default, and an additional fee for the issuance of a Notice of Secured Creditor's Right to Commence Foreclosure Proceedings; and it is further,

ORDERED that upon the filing of the third such notice of default, the automatic stay shall immediately terminate and Movant shall be free to initiate action against the Property, including but not limited to commencement of foreclosure proceedings; and it is further,

ORDERED that in the event Debtor converts this case to a case under Chapter 7 of the U.S. Bankruptcy Code, the automatic stay provided for under § 362(a) shall be terminated as to the Debtor's interests and the bankruptcy estate's interest, effective the date of conversion without any further proceeding in this Court; and it is further,

ORDERED that the provisions set forth in this Order shall apply to any subsequent assignee of the Movant and/or their successors in interest; and it is further,

ORDERED that if the holder of any other Deed of Trust on the Property obtains relief from the automatic stay, then the Movant herein shall automatically be granted relief from the automatic stay; and it is further,

ORDERED that the fourteen (14) day stay of relief pursuant to Fed. Rule Bankr. P. 4001(a)(3) is hereby waived.

4

**SEEN AND AGREED:**

*/s/ Andrew Spivack*
Andrew Spivack, Esq.
(Bar No. 2008190001)
BROCK & SCOTT, PLLC
302 Fellowship Road, Suite 130
Mount Laurel, NJ 08054
844-856-6646 x3017
704-369-0760 facsimile
Andrew.Spivack@brockandscott.com
*Counsel for Movant*

*/s/ Jillian M. Kindlund*
Jillian M. Kindlund, Esq.
19142 ROCKY CREST TER
Leesburg, VA 20176
(240) 688-9000
jillian@kindlundlegal.com
*Counsel for Debtor*

## CERTIFICATION OF DEBTOR'S ATTORNEY

I HEREBY CERTIFY that I approve of the foregoing Consent Order Modifying Automatic Stay and that its terms have been provided to the Debtor, who consents to the terms provided therein.

*/s/ Jillian M. Kindlund*
Jillian M. Kindlund, Esq.
*Counsel for Debtor*

## CERTIFICATION OF CONSENT

I HEREBY CERTIFY that the terms of the Consent Order Modifying Automatic Stay submitted to the Court are identical to those set forth in the original; and the signatures represented by the __/s/__ on this copy references the signatures of the consenting parties on the original consent order.

*/s/ Andrew Spivack*
Andrew Spivack, Esq.
*Counsel for Movant*

cc:

Andrew Spivack, Esq.
BROCK & SCOTT, PLLC
302 Fellowship Road, Suite 130
Mount Laurel, NJ 08054
*Counsel for Movant*

Jillian M. Kindlund, Esq.
19142 ROCKY CREST TER
Leesburg, VA 20176
*Counsel for Debtor*

JATA NATAKI MAGNOLIA ANDERSON
4330 Nebraska Court
Pomfret, MD 20675
*Debtor*

Timothy P Branigan
9891 Broken Land Parkway
Suite 301
Columbia, MD 21046
*Chapter 13 Trustee*

**END OF ORDER**